Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff
Mark Barbee

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Mark Barbee**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**DNSPWR2, LLC,** an Arizona company;<br>**DNSPWR3, LLC,** an Arizona company;<br>**DNSPWR4, LLC,** an Arizona company;<br>**Donald Hulen,** an Arizona resident; and<br>**Sarah Padrnos,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Mark Barbee, for his Verified Complaint against Defendants DNSPWR2, LLC; DNSPWR3, LLC; DNSPWR4, LLC; Donald Hulen; and Sarah Padrnos hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful retention of Plaintiff's tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip**

**Violation**").

2. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff is employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

7. Plaintiff is a full-time employee of Defendants between on or around August 16, 2019 to the present ("all relevant times").

8. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. DNSPWR2, LLC is a company authorized to do business in Arizona.

10. DNSPWR2, LLC operates as a restaurant named Primo's Deli.

11. DNSPWR2, LLC is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. DNSPWR3, LLC is a company authorized to do business in Arizona.

13. DNSPWR3, LLC operates as a restaurant named Southside Tavern.

14. DNSPWR3, LLC is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. DNSPWR4, LLC is a company authorized to do business in Arizona.

16. DNSPWR4, LLC operates as a restaurant named Bandera Craft Tacos.

17. DNSPWR4, LLC is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Donald Hulen is an Arizona resident.

19. Defendant Donald Hulen has directly caused events to take place giving rise to this action.

20. Defendant Donald Hulen is a manager of DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC.

21. Defendant Donald Hulen is an owner of DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC.

22. Defendant Donald Hulen is an employer of DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC.

23. Defendant Donald Hulen is a principal of DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC.

24. Defendant Donald Hulen has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

25. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Donald Hulen is an employer.

26. Defendant Donald Hulen has the authority to hire and fire employees.

27. Defendant Donald Hulen had the authority to hire and fire Plaintiff.

28. Initially, Grace Molek interviewed Plaintiff and then Defendant Donald

Hulen completed Plaintiff's follow-up interview to be hired.

29. On August 16, 2019, Defendant Donald Hulen hired Plaintiff.

30. Defendant Donald Hulen supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

31. Defendant Donald Hulen originally would post employees schedules a week in advance.

32. Defendant Donald Hulen then began to text message employees their schedules in a group chat.

33. For the last few months, Defendant Donald Hulen has verbally been providing schedules to employees.

34. Defendant Donald Hulen determined the rate and method of Plaintiff's payment of wages.

35. Defendant Donald Hulen provided erratic pay periods to employees, sometimes taking a month for employees to receive their paychecks.

36. On numerous occasions Defendant Donald Hulen would write checks to employees and tell them not to cash the checks for a week because he was having issues with his bank account.

37. For the last two pay periods in March, Plaintiff noticed his paycheck was noticeably short. When Plaintiff questioned Defendant Donald Hulen about this, he explained he was not giving out tips at this time and that the business needed his tips

38. Defendant Donald Hulen maintained employment records in connection with Plaintiff's employment.

39. Defendant Donald Hulen keeps records regarding who has been paid by cross

checking with his bank account.

40. When Plaintiff was hired, Defendant Donald Hulen requested that he fill out tax forms and other personal information relating to his hire.

41. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Donald Hulen is subject to individual and personal liability under the FLSA.

42. During Plaintiff's employment with Defendants, Defendant Sarah Padrnos and Defendant Donald Hulen were legally married.

43. Defendant Donald Hulen and Defendant Sarah Padrnos have caused events to take place giving rise to this action as to which their marital community is fully liable.

44. Under the principle of marital community property, all actions by one individual is imputed on the marital community property.

45. Defendant Sarah Padrnos is an Arizona resident.

46. Defendant Sarah Padrnos has directly caused events to take place giving rise to this action.

47. Defendant Sarah Padrnos is a manager of DNSPWR2, LLC, DNSPWR3, LLC and DNSPWR4, LLC.

48. Defendant Sarah Padrnos is an owner of DNSPWR2, LLC, DNSPWR3, LLC and DNSPWR4, LLC.

49. Defendant Sarah Padrnos is an employer of DNSPWR2, LLC, DNSPWR3, LLC and DNSPWR4, LLC.

50. Defendant Sarah Padrnos is a principal of DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC.

51. Defendant Sarah Padrnos has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

52. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Sarah Padrnos is an employer.

53. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Sarah Padrnos is subject to individual and personal liability under the FLSA.

54. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

55. Defendants, and each of them, are sued in both their individual and corporate capacities.

56. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

57. At all relevant times, Defendants were horizontal joint employers of Plaintiff.

58. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.

59. During the relevant time period, Plaintiff worked at Primo's Deli.

60. During the relevant time period, Plaintiff worked at Bandera Craft Tacos.

61. During the relevant time period, Plaintiff worked at Southside Tavern.

62. Primo's Deli, Bandera Craft Tacos, and Southside Tavern are all under common control of Defendant Donald Hulen.

63. Primo's Deli, Bandera Craft Tacos, and Southside Tavern are all under common control of Defendant Sarah Padrnos.

64. At all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff.

65. In addition, at all relevant times, Defendants were vertical joint employers of Plaintiff, as defined by *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997).

66. DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC have common ownership.

67. The Arizona Corporation Commission lists Defendant Donald Hulen as a principal of DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC.

68. The Arizona Corporation Commission lists Defendant Sarah Padrnos as a principal of DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC.

69. DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC have common management.

70. Defendant Donald Hulen is a supervisor for all three entities.

71. DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC have common employment policies.

72. Owners and / or managers would take part in this illegal tip pooling scheme at all three restaurants.

73. DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC have common employees.

74. Plaintiff was a common employee that worked for the three entities.

75. Dylan Hulen was a common employee that worked for the three entities.

76. DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC have common clients.

77. Plaintiff has a good faith reasonable belief that the same restaurant patrons visited all three restaurants.

78. Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

79. Upon a good faith reasonable belief, DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC, combined, had annual gross sales of at least $500,000 in 2019.

80. Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that will have annual gross sales of at least $500,000 in 2020.

81. Upon a good faith reasonable belief, DNSPWR2, LLC; DNSPWR3, LLC; and DNSPWR4, LLC, combined, will have annual gross sales of at least $500,000 in 2020.

82. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

83. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

84. At all relevant times, Plaintiff, in his work for Defendants, regularly used instrumentalities of interstate commerce.

85. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

86. Plaintiff handled credit cards transactions for Defendants.

87. Owners and supervisors would communicate with Plaintiff through text messages.

88. Plaintiff is a covered employee under individual coverage.

89. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

90. Defendant entities are three restaurants.

91. On or around August 16, 2019, Plaintiff commenced employment with Defendants as a cashier, server, and bartender.

92. Plaintiff's primary job duties included cashing out customers, delivering food and drinks; and taking orders.

93. At all relevant times, Plaintiff was paid at a rate of $13.00 an hour plus tips.

94. Plaintiff was not provided his proper tips that he had earned.

95. Plaintiff's managers and / or owners would take part in tips pools.

96. Plaintiff's managers and / or owners would receive portions of tips that were earned by the waitstaff.

97. Defendant Donald Hulen illegally received tips.

98. Manager Dylan Sade illegally received tips.

99. The entities would illegally receive tips.

100. For example, during the pay period of March 16, 2020 through March 29, 2020, Plaintiff worked approximately 90 hours and received a check from Defendants for $800.

101. According to his paystubs, Plaintiff earned roughly $592.26 in tips.

102. Plaintiff did not receive any of his tip money for this period.

103. For example, during the pay period of March 23, 2020 through April 5, 2020, Plaintiff worked approximately 71.21 hours and made $575.85 in tips, for a total of $1,522.29.

104. Defendant Donald Hulen explained tips would not be paid and wrote Plaintiff a check for $799.71.

105. Plaintiff did not receive any of his tip money for this period.

106. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

107. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

108. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

109. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

110. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

111. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

112. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

113. Plaintiff is an employee entitled to all of his tips.

114. Defendants' managers, supervisors, and / or owners kept portions of Plaintiff's tips.

115. In addition to the amount of unpaid tipped wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

116. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

117. Defendants have not made a good faith effort to comply with the FLSA.

118. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following act:

   i. violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

   ii. willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

B. For the Court to award an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED April 27, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Mark Barbee

**VERIFICATION**

Plaintiff Mark Barbee declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Mark Barbee