1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Mark Barbee,                              No. CV-20-08100-PCT-MTM

10              Plaintiff,                      **ORDER GRANTING**
                                                **DEFAULT JUDGMENT**
11   v.

12   DNSPWR2 LLC, et al.,

13              Defendants.

14

15          Pending before the Court is Plaintiff's Motion for Default Judgment (doc. 15), filed

16   May 28, 2020. Plaintiff seeks a default judgment against Defendants for alleged violations

17   of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") generally, and for

18   violations of 29 U.S.C. § 203(m)(2)(B) specifically. Plaintiff seeks an award of $5,000.00

19   in actual damages, $5,000.00 in statutory liquidated damages, and attorneys' fees and costs

20   in an amount to be determined in a subsequent order. (Doc. 15 at 7). Though all five

21   Defendants were properly served, none have appeared to defend this action. For the reasons

22   explained below, the Court awards $10,000.00 in actual and statutory damages, and grants

23   Plaintiff leave to file a motion for attorneys' fees and costs pursuant to Local Rule

24   54.2(b)(2) of the Local Rules of Civil Procedure.

25   **I.      FACTUAL BACKGROUND**

26          The following facts are taken from Plaintiff's Complaint. Plaintiff, a citizen of

27   Arizona, was employed by Defendants beginning on August 16, 2019. (Doc. 1 at 4).

28   Plaintiff worked at three restaurants owned in common and operated by Defendants Hulen

1   and Padrnos, who are also listed as the principle owners of the various LLC Defendants in
2   this action. (*Id*. at 7).

3       Plaintiff alleges that as a cashier, server, and bartender, Plaintiff was paid at an
4   hourly rate of $13.00, plus tips. (*Id*. at 9). Plaintiff further alleges that Defendants, in their
5   capacity as owners and managers of the restaurants where Plaintiff worked, unlawfully
6   participated in the employee tip pool, taking tips for themselves. (*Id*). As illustrative
7   examples, Plaintiff states that in the pay period between March 16, 2020 and March 29,
8   2020, Plaintiff worked approximately ninety (90) hours and received a check for $800.00.
9   (*Id*). Plaintiff states that he did not receive any tip money for this pay period. (*Id*). Plaintiff
10  also alleges that Defendant Hulen expressly told Plaintiff that "tips would not be paid" in
11  the future. (*Id*. at 10). Plaintiff's employment at the restaurants owned by Defendants ended
12  on May 15, 2020. (Doc. 15-1, Ex. A at 3).

13      On April 27, 2020, Plaintiff commenced this action. Plaintiff alleges violations of
14  the FLSA for Defendants' failure to pay all tipped wages owed. (*Id*. at 11). Plaintiff seeks
15  declaratory relief, liquidated damages, compensatory relief, and fees and costs associated
16  with litigating this action. (*Id*. at 11-12). Plaintiff completed service on all Defendants on
17  May 4, 2020. (*See* docs. 8-12). On May 27, 2020, after the deadline for Defendants to file
18  a responsive pleading passed, Plaintiff filed an Application for Entry of Default (doc. 13),
19  which the Clerk of Court entered on May 28, 2020. The same day, Plaintiff filed the present
20  Motion for Default Judgment (doc. 15), along with a supporting Affidavit (doc. 15-1).

21  **II.   JURISDICTION**

22      Before the Court may consider Plaintiff's Motion for Default Judgment, the Court
23  must consider whether it may exercise jurisdiction over Plaintiff's claims.

24      **1.   Subject-Matter Jurisdiction**

25      The Court has subject-matter jurisdiction over Plaintiff's claims. Plaintiff asserts
26  violations of the FLSA, a federal statute. Federal courts may hear claims for unpaid tips
27  and wages under 29 U.S.C. § 216(b). *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d
28  968, 971-72 (9th Cir. 2019). Accordingly, the Court has subject-matter jurisdiction.

- 2 -

1

2.     **Personal Jurisdiction**

2       The Court may exercise personal jurisdiction over Defendants. Unless a federal

3   statute specifies otherwise, a district court applies the long-arm statute of the state in which

4   it sits. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017). Arizona's long-

5   arm statute extends personal jurisdiction "to the maximum extent permitted by the

6   Constitution of the United States," accordingly personal jurisdiction is proper so long as it

7   does not offend due process. *Patterson v. Home Depot, USA, Inc.*, 684 F. Supp. 2d 1170,

8   1175 (D. Ariz. 2010).

9       A court may exercise personal jurisdiction if a defendant has sufficient "minimum

10  contacts" with the forum state so that subjecting the defendant to its jurisdiction will not

11  "offend tradition conceptions of fair play and substantial justice." *Int'l Shoe Co. v.

12  Washington*, 326 U.S 310, 316 (1945)(internal citations omitted). This standard can be met

13  by establishing either general or specific personal jurisdiction.

14      General personal jurisdiction exists where the defendant's contacts with the forum

15  state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*,

16  466 U.S. 408, 415 (1984). Specific personal jurisdiction exists where a defendant "has

17  purposefully directed his activities at residents of the forum and the litigation results from

18  alleged injuries arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*,

19  471 U.S. 462, 472 (1985)(internal citations omitted).

20      This Court may exercise both general and specific personal jurisdiction over

21  Defendants. The Complaint identifies Defendants as either Arizona corporations or

22  Arizona residents. Additionally, the Complaint alleges the FLSA violations occurred in

23  Defendants' businesses in Flagstaff, Arizona. Accordingly, the Court concludes that all

24  Defendants maintain "continuous and systematic" contacts with this forum, and that the

25  litigation arises out of activities purposefully directed at the forum state. Personal

26  jurisdiction in Arizona is proper.

27      3.     **Standing.**

28      Plaintiff has standing to bring this suit. Plaintiff must have (1) suffered an injury in

fact (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiff alleges that Defendants failed to pay Plaintiff approximately $1,100.00 in tips that Plaintiff was entitled under the FLSA to receive. (Doc. 1 at 9-10). Plaintiff seeks a judgment from this Court awarding compensatory and other damages. (*Id.* at 11-12). Accordingly, Plaintiff has alleged an injury in fact, fairly traceable to the conduct of Defendants, that would be redressed by a favorable judicial decision.

### III.   MOTION FOR DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure permits a court to grant default judgment against a party after the Clerk of Court has issued an Entry of Default pursuant to Fed. R. Civ. P. 55(a). The Court must consider seven factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Const. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). The Court considers these factors in turn:

#### 1.   Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of default judgment. Plaintiff will be prejudiced by failure to enter default judgment, as continuation of this action despite Defendants' failure to respond precludes Plaintiff's ability to either obtain relief or litigate this case on the merits.

#### 2.   Merits of the Complaint

The Court considers the second and third factors together in instances where the defendant has failed to appear at all. When moving for a default judgment, "the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved." *Anzalone*, 316 F. Supp. 3d at

1198. Under 29 U.S.C. § 203(m)(2)(B), an employer is prohibited from keeping tips received by employees for any purpose, including to distribute to managers. *Norsoph v. Riverside Resort and Casino, Inc.*, --- F. Supp. 3d ---, ---, 2020 WL 641223 at *15 (D. Nev. 2020). An employer is any individual who "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)(internal quotations omitted). A manager and employer can be one and the same under the FLSA. *Id.* at 1091-92.

Plaintiff has pleaded facts sufficient to state a claim for violations of the FLSA. The Complaint alleges that Defendant Hulen "supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment," and that Defendant Hulen "determined the rate and method of Plaintiff's payment of wages." (Doc. 1 at 4). Further, Plaintiff alleges that all three restaurants where Plaintiff was employed were "under common control of Defendant Sarah Padrnos." (*Id.* at 6). Finally, Plaintiff states that, under the Ninth Circuit's decision in *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997), all Defendants in this action are joint employers of Plaintiff, because Defendants Hulen and Padrnos are also principals, common managers, and supervisors of the LLC Defendants. (Doc. 1 at 7). Plaintiff has pled facts sufficient to show that all Defendants in this action were "employers" for purposes of the FLSA.

Plaintiff has also introduced facts that show Defendants Hulen and Padrnos failed to pay Plaintiff tipped wages Plaintiff was entitled to receive. Plaintiff states that Defendant Hulen expressly informed him that "tips would not be paid" and wrote Plaintiff a check for $799.71 instead, well below what Plaintiff alleges he made in the two-week period between March 23, 2020 and April 5, 2020. (Doc. 1 at 10). Further, Plaintiff alleges that each Defendant "gave consent to, ratified, and authorized the acts of all other Defendants." (*Id.* at 6). Plaintiff has sufficiently alleged that Defendants failed to pay Plaintiff tipped wages.

### 3. Amount in Controversy

The fourth *Eitel* factor weighs in favor of entering default judgment. Default judgment is disfavored where the sum of money requested is too large or unreasonable

1    when compared to a defendant's conduct. *Anzalone*, 316 F. Supp. 3d at 1201.

2        The requested damages in this case are reasonable; Plaintiff alleges Defendants
3    failed to pay him approximately $5,000.00 in tips over an eight-month period, and that
4    Plaintiff could generally expect $500.00 to $600.00 in tips in any particular two-week pay
5    interval. (Doc. 1 at 9-10). A demand for $5,000.00 in compensatory damages for
6    Defendants' alleged FLSA violation is not unreasonable.

7        Additionally, the FLSA provides for liquidated damages equal to the amount of
8    compensatory damages when the violation of the FLSA is "willful," and the FLSA requires
9    the Court to award attorney's fees when a plaintiff prevails. 29 U.S.C. § 216(b). Were
10   Plaintiff to prevail at a trial on the merits, Plaintiff would receive a liquidated damage
11   amount equal to Plaintiff's compensatory damages award. Therefore, the damages
12   requested by Plaintiff are not unreasonable considering the factual allegations and the
13   statutory provisions.

14       **4.    Dispute Over Material Facts**

15       The fifth *Eitel* factor weighs in favor of entering default judgment. The possibility
16   of a dispute regarding material facts is relevant only so far as there are two parties present
17   to dispute those facts. When one party fails to appear to defend an action, there is no dispute
18   of material facts.

19       **5.    Excusable Neglect**

20       The sixth factor weighs in favor of granting default judgment. The risk of excusable
21   neglect is substantially lessened when a defendant fails to respond after being properly
22   served. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).
23   Defendants were properly served on May 4, 2020 (*see* docs. 8-12) and have failed to
24   respond by filing an answer, a motion to dismiss, or some other responsive pleading
25   indicative of intent to contest this action.

26       Additionally, Plaintiff attests that Defendants previously engaged counsel to defend
27   this action but dismissed counsel on May 14, 2020. (Doc. 15 at 5). Plaintiff also attests that
28   Defendant's former counsel stated that "[Defendant Hulen] plans to contact you directly."

1   (*Id.*). This evidence indicates that Defendants actually received the summons and
2   affirmatively knew they were obligated to appear before this Court but did not do so.
3   Therefore, this factor strongly supports entry of default judgment against Defendants.

4   **6. Decisions on the Merits**

5   The final *Etiel* factor supports entry of default judgment. Though the Federal Rules
6   of Civil Procedure contain a policy strong favoring deciding cases on the merits, a
7   judgment on the merits is impractical, if not impossible, where defendants fail to respond
8   to a plaintiff's complaint. *Anzalone*, 316 F. Supp. 3d at 1202. Accordingly, the preference
9   for decisions on the merits does not preclude default judgment.

10  **7. Conclusion**

11  After analyzing the *Etiel* factors, the Court concludes that all seven factors favor a
12  default judgment. Accordingly, the Court grants Plaintiff's motion and enters a default
13  judgment on behalf of Plaintiff.

14  **IV. DAMAGES**

15  Having determined that Plaintiff has pled facts sufficient to claim both actual and
16  statutory damages, the Court now considers the appropriate damages award. Even when a
17  party defaults an action for failing to respond to a well-pleaded complaint, the prevailing
18  party is required to produce evidence to support a specific damages award. *Anzalone*, 316
19  F. Supp. 3d at 1202. A plaintiff need not submit voluminous evidence to support a claim
20  for damages; a declaration or affidavit from the plaintiff describing the factual allegations
21  that support a damages award will suffice. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d
22  998, 1014 (C.D. Cal. 2014).

23  **1. Actual Damages**

24  The Court awards $5,000.00 in actual damages. Plaintiff submitted an affidavit
25  asserting that, from August 16, 2019 to May 15, 2020, Plaintiff was deprived of
26  approximately $5,000.00 in tips. (Doc. 15-1, Ex. A at 3). This is consistent with the
27  allegations in the Complaint, where Plaintiff alleges that in a single pay period, Plaintiff
28  was not paid $575.85 in tips. (Doc. 1 at 10).

The Complaint appears to double-count some of the allegedly withheld tips, as the two illustrative pay period examples overlap by one week. (*Compare* doc. 1 at 9, describing the pay period of "March 16, 2020 through March 29, 2020," *with* doc. 1 at 10, describing the pay period of "March 23, 2020 through April 5, 2020.") However, viewing either example in isolation and considering the approximately 16-17 pay periods during which Plaintiff was an employee of Defendants, Plaintiff's declaration that he is owed $5,000.00 in unpaid tips is not patently unreasonable. The Court concludes that Plaintiff has submitted sufficient evidence of damages to support an award of $5,000.00 in actual damages.

### 2.    Statutory Damages

The Court awards $5,000.00 in statutory damages. Section 216 of the FLSA provides for "an additional equal amount as liquidated damages" for any violation of the FLSA. 29 U.S.C. 216(b). For most FLSA violations, liquidated damages are mandatory. *Ader v. SimonMed Imaging Inc.*, --- F. Supp. 3d ---, ---, 2020 WL 3078350 at *13 (D. Ariz. 2020). However, Section 260 of the FLSA reads in relevant part that, in any civil action regarding unpaid compensation, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof." 29 U.S.C. § 260.

Liquidated damages are warranted. The good faith exception to the presumption of liquidated damages must be proved by the employer, not disproved by the employee. *Flores v. City of San Gabriel*, 824 F.3d 890, 905 (9th Cir. 2016). In a default judgment where the employer failed to respond, the employer has failed to demonstrate "an honest intention to ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that its conduct complied with the Act." *Id.* Accordingly, Plaintiff is entitled to $5,000.00 in statutory liquidated damages under the FLSA.

### 3.    Fees and Costs

While Plaintiff seeks attorneys' fees and costs associated with litigating this action,

Plaintiff indicates that a separate motion for attorneys' fees and costs will follow an award of default judgment. Fees and costs for a prevailing claim for unpaid wages are mandatory under the FLSA. 29 U.S.C. § 216(b). ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Accordingly, the Court defers ruling on an award of fees and costs pending a proper motion from Plaintiff. Plaintiff may file, no later than fourteen (14) days from the issuance of this Order, a motion seeking attorneys' fees and costs that satisfies the requirements of LRCiv 54.2.

## V.   CONCLUSION

Plaintiff is entitled to a default judgment for Defendants violation of the FLSA. Because the violation was willful and Defendants did not provide any evidence of good faith, Plaintiff is entitled to full compensatory and statutory damages totaling $10,000.00. Upon entry of this Order, Plaintiff may file a separate motion, with supporting exhibits, seeking attorney's fees and costs.

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Default Judgment (doc. 15) is **GRANTED**.

(2)     Defendants shall pay, jointly and severally, $5,000.00 in compensatory damages to Plaintiff.

(3)     Defendants shall pay, jointly and severally, $5,000.00 in statutory damages pursuant to 29 U.S.C. § 216(b) to Plaintiff.

(4)     Within fourteen (14) days of the issuance of this Order, Plaintiff may file a motion seeking attorney's fees and costs that satisfies the requirements of Rule 54.2 of the Local Rules of Civil Procedure.

//
//
//
//
//

1    (5)    The Clerk of Court is directed to enter judgment accordingly and close this

2  case.

3    Dated this __4__ day of ~~October~~ *November*, 2020.

4

5

6                                    Honorable Stephen M. McNamee

7                                    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28