**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Barbee, | No. CV-20-08100-PCT-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| DNSPWR2 LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Attorney Fees and Costs (doc. 18), filed November 11, 2020. Plaintiff seeks fees and costs in the total amount of $7,142.30 in connection with this action. Specifically, Plaintiff requests attorney fees in the amount of $5,425.00 and costs in the amount of $1,717.30. (Doc. 18 at 7). For the reasons explained below, the Court awards Plaintiff $6,987.30 in fees and costs associated with this action.

**I.     Background.**

This action commenced in this Court on April 27, 2020. (Doc. 1). Plaintiff successfully served all Defendants and filed proof of service with the Court on May 8, 2020. (Docs. 8-12). On May 27, 2020, after the time for Defendants to file a responsive pleading passed, the Clerk of Court entered default against all Defendants. (Doc. 14).

On May 28, 2020, Plaintiff filed a Motion for Default Judgment. (Doc. 15). Plaintiff provided evidence that not only had Defendants received notice of this action via service of process but had at one point retained counsel to represent them in this matter. (*Id*. at 5).

Plaintiff further averred that Defendants dismissed their attorney prior to the expiration of time to respond to the Complaint. (*Id.*) Plaintiff requested the Court award $10,000.00 for statutory and actual damages, and an additional amount in attorney fees and expenses to be determined by a subsequent filing in this Court. (*Id.* at 6-7).

On November 10, 2020, the Court granted Plaintiff's motion and awarded $10,000.00 in damages. (Doc. 16). The Court also ordered Plaintiff to file a separate motion for attorney fees within fourteen (14) days after issuance of default judgment. (*Id.* at 9). On November 11, 2020, Plaintiff filed the instant Motion for Attorney Fees (doc. 18).

**II.     Analysis.**

    **A.     Principles of Law.**

A party who prevails in an FLSA action is entitled by law to an award of attorneys' fees. *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 478 (D. Ariz. 2019), citing *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971). The award of attorneys' fees includes the time spent preparing the motion for the fee itself. *Gary*, 398 F. Supp. 3d at 479, citing *In re Nucorp Energy, Inc.*, 764 F.3d 655, 659-60 (9th Cir. 1985).

When determining an appropriate fee award under the FLSA, the Court uses the lodestar method. *Gary*, 398 F. Supp. 3d at 485. The lodestar method is calculated "by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*, citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

Rule 54.2 of the Local Rules of Civil Procedure establishes additional guidelines for the Court to assess in determining the reasonableness of the fee award. Those factors include, but are not limited to:

> (A) the time and labor required of counsel; (B) the novelty and difficulty of the questions presented; (C) the skill requisite to perform the legal service properly; (D) the preclusion of other employment by counsel because of the acceptance of the action; (E) the customary fee charged in matters of the type involved; (F) whether the fee contracted between the attorney and the client is fixed or contingent; (G) any time limitations imposed by the client or the circumstances; (H) the amount of money, or the value of the rights, involved, and the results obtained; (I) the experience, reputation and ability of counsel; (J) the "undesirability" of the case; (K) the nature and length of the

professional relationship between the attorney and the client; (L) awards in similar actions; and (M) any other matters deemed appropriate under the circumstances.

LRCiv. 54.2(c)(3). *See also Reyes v. LaFarga*, No. CV-11-01998-PHX-SMM, 2015 WL 12425810 at *3 (D. Ariz. July 16, 2015).

### B. Application of Law.

#### 1. Attorneys' Fees.

The Court concludes Plaintiff's proposed hourly rate of $350.00 is reasonable. Plaintiff's counsel has been a practicing attorney in the District of Arizona since January 2012 and has litigated numerous FLSA cases in the past. (Doc. 18-1, Ex. 1 at 2-3). A number of courts in the District of Arizona have awarded hourly rates comparable to Plaintiff's requested rate in FLSA actions. *See Gary*, 398 F. Supp. 3d at 486 ($325.00 per hour considered reasonable); *Audra Grabda v. IMS Acquisition LLC*, No. CV-20-00117-TUC-MSA, 2020 WL 6680378 at *1 (D. Ariz. Nov. 12, 2020) (reducing proposed $395.00 per hour rate to $325.00 per hour); *Thompson v. Ariz. Movers and Storage Inc.*, No. CV-17-03819-PHX-DGC, 2018 WL 2416187 at *2 (D. Ariz. May 29, 2018) (rates of $325.00 and $300.00 considered reasonable). Although Plaintiff's requested hourly rate is slightly higher than the rates awarded by other Courts in the District of Arizona, Plaintiff is not seeking compensation for work performed by support staff even though such work may be compensated as part of a fee award. *See Graves v. Penzone*, No. CV-77-00479-PHX-NVW, 2020 WL 1984022 at *6 (D. Ariz. Apr. 27, 2020). *See also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284-85 (1989) ("Clearly, a 'reasonable attorney's fee' [as defined by 42 U.S.C. § 1988] cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney."). The $350.00 per hour rate is not unreasonable in this case.

Although the Court concludes Plaintiff's $350.00 hourly rate is reasonable, the Court credits 14.8 out of the 15.5 submitted hours of work towards calculation of the fee award. Most of the itemized list of activities performed by counsel during litigation are reasonable in both duration and nature. However, some of the tasks itemized by Plaintiff—

reviewing Plaintiff's own filings in the Court's electronic filing system or reading the Clerk of Court's one-page default judgment entry—do not require an experienced attorney or support staff to perform, and are therefore not recoverable in a fee award. *See Gary*, 498 F. Supp. 3d at 487 (collecting cases). Therefore, the Court strikes lines nine, ten, fourteen, twenty-nine, thirty, and thirty-four in Plaintiff's itemized list of expenses from its fee award calculation, leaving Plaintiff with 14.8 out of 15.5 billable hours of work. Applying the $350.00 hourly rate, the Court awards attorney fees in the amount of $5,180.00.

          2.      <u>Costs.</u>

The Court awards $1,717.30 in costs. The requested amount for compensation of the court filing fee and service expenses are consistent with the submitted evidence (*see* doc. 18-3, Ex. 3 at 2), and $1,000.00 in collection costs is not unreasonable. *See, e.g., Export Dev. Canada v. Patterson, Inc.*, No. 08-978-JO, 2008 WL 5205199 at *1 (D. Or. Dec. 11, 2008) (awarding $2,000.00 for "potential collection efforts" after entry of default judgment). The Court therefore awards Plaintiff the full amount sought for costs.

**III.   Conclusion.**

Considering the successful representation in this matter, the attempts to facilitate resolution on the merits, and the reasonableness of Plaintiff's fee request, the Court grants the motion with minor alterations. Therefore, the Court awards Plaintiff a total of $6,897.30 in fees and expenses.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (doc. 18) is **granted in part**. Defendants shall pay Plaintiff a total of **$6,897.30** in fees and expenses. Defendants are jointly and severally liable for payment of the fees and expenses.

Dated this 16th day of November, 2020.

                                                                              */s/ Michael T. Morrissey*
                                                          Honorable Michael T. Morrissey
                                                          United States Magistrate Judge